IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONIO HAYWARD** | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **BOROUGH OF SHARON HILL, et al.** | : | NO. 13-825 |
| *Defendants.* | : | |

### MEMORANDUM

PRATTER, J.                                                                                        OCTOBER 24, 2013

## I.   FACTUAL BACKGROUND[1]

This action arises from a series of disputes between the Plaintiff, Antonio Hayward and the Defendants, the Borough of Sharon Hill ("the Borough") and Stephan and Patricia Nicolai, regarding Mr. Hayward's property located at 445 Sharon Avenue (the "Property"). Mr. Hayward purchased the Property on September 7, 2009, with the intention of renovating it so that it would be habitable.

The allegations in Mr. Hayward's Complaint focus on the Borough's refusal to grant him a permit for renovating the Property and the Borough's refusal to allow repairs to the Property. Although the allegations are numerous, a general summary suffices without explicit detail of every allegation.

---

[1] The following summary is based on the allegations in the Complaint, which the Court assumes to be true for purposes of the motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

1

With regard to Mr. Hayward's claim that the Borough refused to grant him a permit, Mr. Hayward focuses on the Borough's refusal to grant the permit even after two engineers allegedly reported that the property could be renovated. Mr. Hayward also alleges that the Borough acted on behalf of the Nicolais to prevent the issuance of the permit because the Nicolais did not want Mr. Hayward as their neighbor.

Mr. Hayward claims that in addition to preventing him from receiving a permit, the Borough also refused to allow the renovations to begin by engaging in "numerous activities designed to drive away Mr. Hayward's contractors." (Compl. ¶ 34.) Finally, Mr. Hayward alleges that in May 2011, when he was about to begin the renovation, the Nicolais parked a construction truck in front of a shared alleyway, thereby stalling the construction. When Mr. Hayward asked the Borough to remove the truck, the Borough acknowledged awareness of the truck, but refused to help him move it so he could begin construction.

Mr. Hayward states that initially he was unaware of the reasons behind the Borough's actions, but sources later notified him that the Borough refused to allow him to renovate the Property because of his race. Accordingly, Mr. Hayward alleges that the Borough took the above actions because he is African American.

In his Complaint, Mr. Hayward brought constitutional claims pursuant to 42 U.S.C. § 1983 and state law claims. In his opposition brief, Mr. Hayward consented to withdraw his trespass claim (Count VI) against the Borough. Additionally, at oral argument, Mr. Hayward's counsel agreed that because Mr. Hayward had not requested just compensation from the Borough, his takings claim (Count V) was not ripe and should be dismissed.[2] Accordingly,

---

[2] A takings claim is not ripe for adjudication if the claimant did not seek compensation through the procedures the State has provided for doing so. *Williamson Co. Regional Planning*

Count V will be dismissed without prejudice, and Count VI will be dismissed with prejudice.

Mr. Hayward's remaining claims are for violations of the Pennsylvania Human Relations Act (the "PHRA") and for violations of his procedural due process rights, substantive due process rights, and equal protection under the Fourteenth Amendment.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted) (alteration in original), the Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citation omitted).

To survive a motion to dismiss, the Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). The question is not whether the claimant will ultimately prevail but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011) (citation omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state

---

*Communications v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). The claimant must first seek just compensation because the "Fifth Amendment does not proscribe the taking of property; it proscribes the taking of property without just compensation." *Id.* at 194 (emphasis added).

a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (citations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Twombly*, 550 U.S. at 555 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). The Court also must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). That admonition does not demand the Court turn its back on reality. The Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and quotations omitted), or a Plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted). Finally, "if a [claim] is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d. Cir. 2008).

## III. DISCUSSION

### A. Statute of Limitations

The Borough argues that Mr. Hayward's federal claims are barred by the statute of limitations because "there is nothing in the Amended Complaint alleging any conduct within two years of the filing of this Complaint."[3] (Mot. to Dismiss at 8.) Specifically, Mr. Hayward filed his Complaint on February 14, 2013, so any allegations that occurred prior to February 14, 2011, are time barred.[4]

Mr. Hayward notes that his Complaint specifically references discriminatory actions that took place within the two year limitations period applicable to §1983 claims. (Compl. ¶¶ 49, 54). The Court agrees that the Complaint contains allegations that are within the statute of limitations period, and, accordingly, all his federal claims cannot be dismissed on statute of limitations grounds. Additionally, a statute of limitations defense can only be used in the context of a Rule 12(b)(6) motion to dismiss where "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385, n. 2 (3d Cir. 1994).

---

[3] In its motion to dismiss, the Borough explains that Mr. Hayward brought this current action within the required two years after his PHRA claim was dismissed by the Pennsylvania Human Relations Commission (the "PHRC"). (Mot. to Dismiss at 13.) Accordingly, while not clearly explained, the Borough seems to agree that Mr. Hayward's PHRA claim is not precluded as untimely, and it is only moving for dismissal of Mr. Hayward's federal claims on statute of limitations grounds.

[4] Section 1983 does not contain a specific provision regarding the time in which a claim under the statute must be brought. Accordingly, federal courts apply the state statute of limitations for personal injury actions to claims brought under §1983. *Wilson v. Garcia*, 471 U.S. 261, 276–78, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Pennsylvania's statute of limitations for personal injury actions is two years. *See* 42 Pa. Cons. Stat. Ann. § 5524(2). Thus, Plaintiff's federal claims are subject to a two-year statute of limitations.

While it appears on the face of the Complaint that some allegedly discriminatory actions are barred by the statute of limitations, it is not clear from the Complaint when many of the alleged discriminatory actions took place. The Complaint only contains a few dates, and it is unclear if the allegations set out in the Complaint are intended to be in chronological order. Thus, because of the voluminous and, frankly, unclear nature of the Complaint, it would be too problematic and unreliable for the Court to determine when each wrongful action occurred.[5] The Court will not attempt to do so. Therefore, the federal claims in Mr. Hayward's Complaint are not barred by the statute of limitations, but the Borough may raise this defense again by way of a motion for summary judgment if and when the dates for the alleged unlawful actions are more readily apparent.

### B.  Pennsylvania Human Relations Act Claims

The Borough argues that Mr. Hayward has failed to state a claim under the PHRA. In its motion to dismiss, the Borough cited § 955(h)(11) of the PHRA, which states that nothing prevents "reasonable State or local restrictions . . . relating to health or safety standards or business necessity." Accordingly, the Borough claims that because it had a legitimate governmental concern in the safety of the Property, the claim must fail as a matter of law.

Mr. Hayward, however, has alleged in his Complaint that the Borough delayed the issuance of the permits and refused to allow him to begin renovation because of his race, not because of safety concerns. Thus, as this is a motion to dismiss and the Court must assume Mr. Hayward's factual allegations to be true, the Borough's argument on this point fails. Mr.

---

[5] Lest any litigant misperceive the import of this interim result, the Court certainly is not suggesting that disheveled pleading is a recommended method for defeating an early dispositive motion. Any lawyer claiming success as a professional by way of such a tactic would likely later pay a much higher price than the temporary "success" would merit.

Hayward has adequately alleged that the Borough discriminated against him in "furnishing facilities, services or privileges in connection with the ownership, occupancy or use of any housing accommodation . . . because of [] race." 43 Pa. Stat. Ann. § 955(h)(3).Therefore, the Borough's motion that the Court dismiss Count I will be denied.

### C. Substantive Due Process Claims

The Borough alleges that Mr. Hayward has failed to state a claim for a substantive due process violation. To state a substantive due process claim, the plaintiff must allege that he was deprived of a fundamental right, and that the government conduct at issue was "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *See Kaucher v. County of Bucks*, 455 F.3d 418, 425 (3d Cir. 2006) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). Mr. Hayward alleges that he was deprived of his use of the Property by the conduct of the Borough because of his race. (Compl. ¶ 69.) The Third Circuit Court of Appeals has held that in the zoning context "selective enforcement motivated by ethnic bias may constitute arbitrary conduct capable of shocking the conscience." *MARJAC, LLC v. Trenk*, 380 F. App'x 142, 147 (3d Cir. 2010); s*ee also Rittenhouse Entm't, Inc. v. City of Wilkes-Barre*, 861 F. Supp. 2d 470, 487 (M.D. Pa. 2012) (denying defendants' motion to dismiss plaintiffs' substantive due process claim because plaintiffs alleged defendants harassed them because of race, and if the allegations were true, they would "shock the conscious.") Accordingly, Mr. Hayward has sufficiently alleged a substantive due process violation.

### D. Procedural Due Process Claims

Mr. Hayward's procedural due process claims were unclear as he combined them with his substantive due process claims. However, at oral argument, counsel for Mr. Hayward clarified

that Plaintiff contends that the Borough violated his procedural due process by refusing to allow Mr. Hayward to begin the renovations to his Property.

"To establish a violation of procedural due process, the plaintiffs must prove that a person acting under color of state law deprived them of a protected property interest, and that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process." *Prosperi v. Twp. of Scott*, No. 6-501, 2006 WL 2583754, *3 (W.D. Pa. Sept. 7, 2006) (citing *Parratt v. Taylor*, 451 U.S. 527, 536-37, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)). "A state provides constitutionally adequate procedural due process when it provides 'reasonable remedies to rectify a legal error by a local administrative body.' " *Desi'z Pizza, Inc. v. City of Wilkes-Barre*, No. 01-480, 2006 WL 2460881, at *17 (M.D. Pa. Aug. 23, 2006) (quoting *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 597 (3d Cir. 1995) *overruled on other grounds by United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003)). Additionally, "when a state affords a full judicial mechanism with which to challenge administrative decisions, then a state has provided adequate procedural due process, regardless of whether the plaintiff avails [himself] of that appeal mechanism." *Desi'z Pizza*, 2006 WL 2460881, at *17 (internal quotation marks omitted) (quoting *Midnight Sessions*, *Ltd. v. Phila.*, 945 F.2d 667, 680 (3d Cir.1991) *overruled on other grounds by United Artists*, 316 F.3d at 400 (3d Cir. 2003)).

Mr. Hayward adequately alleges that the Borough was acting under color of state law and deprived him of his constitutionally protected property interest in enjoying his property. However, Mr. Hayward's Complaint fails to show that he was denied procedural due process under the state's procedure for challenging land-use decisions. Specifically, Mr. Hayward could have filed a mandamus action in state court to compel the Borough to allow him to begin

construction. Thus, although Mr. Hayward did not avail himself of that judicial mechanism, the state has provided adequate procedural due process and his claim must be dismissed. *See Prosperi*, 2006 WL 2583754, at *4 (holding that because the plaintiffs were able to file a Mandamus action to obtain an occupancy permit, their procedural due process rights were not violated); *see also Bello v. Walker*, 840 F.2d 1124, 1128 (3d Cir. 1988) *overruled on other grounds by United Artists*, 316 F.3d at 400 (3d Cir. 2003) (holding same).

### E.  Equal Protection Claims

The Borough argues that Mr. Hayward's equal protection claim must fail because the Borough had a rational basis regarding its permitting and construction requirements for Mr. Hayward. However, as Mr. Hayward has alleged that the Borough's actions were discriminatory based on his race, the rational basis standard does not apply. Instead, to state a §1983 equal protection claim, Mr. Hayward must allege merely that "(1) he [] is a member of a protected class and (2) he [] received different treatment than that received by other similarly situated individuals." *Suber v. Guinta*, 902 F. Supp. 2d 591, 606 (E.D. Pa. 2012) (citing *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir. 1992)). Additionally, a plaintiff is not required to identify in the complaint specific instances where others have been treated differently for the purposes of equal protection. *Suber*, 902 F. Supp. at 606 (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)). "Rather a general allegation that a plaintiff has been treated differently from others similarly situated will suffice." *Id.* Mr. Hayward is African American, and, accordingly, he is a member of a constitutionally protected class. Additionally, he has claimed that the Borough treated him differently from other property owners with regard to real estate transactions because he is a member of a minority. (Compl. ¶ 71.) Thus, Mr. Hayward has sufficiently alleged an equal protection claim to survive a motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Borough's motion to dismiss Count III to the extent Mr. Hayward has alleged procedural due process violations, Count V, and Count VI, but deny it with respect to the remaining claims. An appropriate order follows.

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE
